**No. 26-_____**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

IN RE WYNOSHA ROGERS, ERICA DORTCH, RENEE MARTIN, DOLLIE VORIS, REBECCA WRIGHT, AMMBER JONES, JESSICA ROOKS, TASHIBA JOHNSON, ROCHELLE WHITFIELD, CYNTHIA THORNTON, TAMARA MATTHEWS, SUHAIL ABRAHAMS, KIRSTEN LARSEN, JAMIE GUY, TASHA MALETTE, STACEY HILL, SERENA ARNOLD, TAYLOR FORD, ASHLEY CRACE, JARAIYA MCALLISTER, EVELIA MARTINEZ, MAGGIE FUGATE, JAZMINE DENT, ELLEN WEAVER, LISA SHANTILLO, BRIANNA JACKSON, MELISSA MORGAN, LAQUISHA KELLER, HELENA HAMILTON, TANAEIA CHEATHAM, BRITTANY HARDEN, CORTNE ABBOTT, AMY HENDERSON, ROSEANN BACKUS,

(*caption continued on following page*)

On Petition for Writ of Mandamus and/or Prohibition to the United States District Court for the Northern District of Florida, Pensacola Division MDL No. 3140, No. 3:25-md3140-MCR-HTC (Judge M. Casey Rodgers)

## PETITION FOR A WRIT OF MANDAMUS AND/OR PROHIBITION

Ashley C. Keller
KELLER POSTMAN LLC
2333 Ponce de Leon Blvd, Suite R240
Coral Gables, FL 32746
(312) 741-5220
ack@kellerpostman.com

Nicole C. Berg
Ashley Barriere
KELLER POSTMAN LLC
150 N. Riverside Plaza, Suite 4100
Chicago, IL 60606
(312) 741-5220
ncb@kellerpostman.com
ashley.barriere@kellerpostman.com

John James Snidow
John M. Masslon II
KELLER POSTMAN LLC
1101 Connecticut Ave. NW
Suite 1100
Washington, DC 20036
(202) 918-1123
jj.snidow@kellerpostman.com
john.masslon@kellerpostman.com

BEVERLY BRIGHT, CAROLINA GARCIA, LACHRISTY COLBERT, MEG DOMERMUTH, SHAWNA PENDER, VICTORIA LEWIS, KRISTY BASHAM, PRINCESS MCCLELLAN, LUTHENE PEYTON, MOESHA STRINGFELLOW, ALAONA HEILIG, LATOYA FRANKLIN, SCHKIMBERLY WHITE, SHAWANA JONES, MARIA VINCENT, TRISHEA GARGAGLIANO, LEKEYA DILLARD, SEDARIA WILLIAMS, ERIKA JONES, MEGAN VARNADO, DENEISHEA MILES, ALISHA BRANHAM, LAKESHIA BRITTLE, SARAH JACKMAN, BROOKE WUILLIEZ, TIFFANY GALYON, ARIANNA BOWEN, JENNIFER SIKORA, ANGELA MAY, LATASHA MORROW, TEIKA LYONS, KAITLYN POTTER, LAKESHIA SIDNEY, HON REV DR CHONITA BRYANT ATTY ND, BELINDA MORRIS, SHAYLA LEICHMON, TANJERMART BRADY, JASMINE WILLIS, LAQUITA MADISON, SYLVIA HARRIS, ALICE LEWIS, MALIKA PIERCE, JESSICA MCMICHAEL, CARRIE GARLAPO, CHRISTINA WHITE, TIFFANY BRISCOE, MOLLY WERLEY, TYJHANE MANNING, ASHANTI MILLER, AMY BERENT, SHAWNA MUNROE, KIASIAH BUTLER, LESHIA WILLIAMS, KATHLEEN NEWHALL, NIA WATSON, SHARON DRODDY, SHAUNTAE PERRY, KELLEY ESTEP, WENDI PARSONS-WHITE, STEPHANIE RADER, BRANDI PIAZZA, JARYSA PENA, ASHLEY COOK, APRIL HILTY, LANELL BOYD, LINDA COBB, AISHA NEVELS, ASHLEY VICKERS, TYTIANI FAISON, MELISSA YARBROUGH, JENNIFER ROSENBAUM, LEIGH KOHLER, IVORIE MARTIN, AMBER REYNOLDS, GABRIELLE DARNELL, MIRIAM BEHARRY, ANGELA WHITE, ROMENESHA HEBERT, TAMI CASILLO, GEORGEANNA JOHNSON HOWARD, MARSHALETTE LILLY, MEDANIE ROWE, JAILENE MARTINEZ, CALLIE BROWN, TAINA GONZALEZ, JAYSA MURPHY, TAMREKA ROBERSON, CRYSTAL AKERS, TIONDRA LEWIS, ALEXIS MCNABB, JESSICA SIMPSON, STEVIE ROMANS, LATOYA BLACK, DERRIONA JONES, TAMARA STALLINS, ARIANNE REED, JYCOYA HURRY, KELLI GREEN, EMMA SAGRAVES, DANIELLE WHITE, RAVEN SANFORD, JOAN ANDERSON, JESSICA FARRELL, LINDA GAJAI, BRITTNEY MANNIE, HEATHER HOALCRAFT, ANNETTE WILLIAMS, CHRISTIAN MARDIS, JENNIFER RANSIER, HANNAH SESCO, TONYA KIMBLER, HANNAH BYLAND, RETRICIA FORD, LATASHA MARGIN, EMILY LITTLE, TIFFANY DARCEY, SERBRINNE MOSLEY, BRANDY VANOVER, BRANDI COLEMAN-LANDERS, HANNAH RENO, ROBIN WILLIS, JESSICA HINDMON, JACINDA HILLARD, TEHIRAH BARKUM, SIERRA LONG, KELLY ROBINSON, JACQUELINE TRIPPY, WITCHELLE EDWARDS, RENISSA JOHNSON, FREDRICKA KIRKLAND, MARTIKA HUITT, LAKESIA CRAFT, SANTE DOUGHTY, JOJO WILLIAMS, DOMINIQUE FROST, CASIE COBURN, KELCEY BULLINGTON, LATESHA WEBSTER, WURAOLA ODUNSI, CRYSTAL KAVANAUGH, TAMMY COSTELLO, MELISSA MULLER, TACHIC THOMAS, CHRISTINE BARRETT, SHIKENWA SHERMAN, APRIL BENTLEY, VONCHEERIA DUNCAN, SARAH MORRIS, BRITTANY RUFFIN, NATASHA WILLIAMS, STEPHANIE GRIEST, SHAMETA ROGERS, CRYSTAL CURTIS, ASHIRA GIVENS, SHELLY LEFORT, TIFFANIE ZIMMERMAN, JULINETTE MARTINEZ, AMANDA WALLER, JESSICA BARTHOLOMEW, STACEY BASS, CRYSTAL BOLEYJACK, HANNAH JACOBS, CHRISTIE BLANCO, RACHEL STEWART, REBECCA BERES, TASHA BRYANT, NAKISHA MACLIN, LAURIE BOWEN, ANAYA TRACEY, KENNEDY RYAN, MEGHAN MCBROOM, VALERIE PARSON, KIMBERLY REYNOLDS, VICTORIA HEBERT, TRACY RAMOS, AND JAN LEONARD,

*Petitioners.*

*In re Rogers*, Case No. 26-_____

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26-1, Petitioners hereby file their Certificate of Interested Persons and Corporate Disclosure Statement:

1.    Aylstock Witkin Kreis & Overholtz, Law Firm for Plaintiffs/Respondents;

2.    Aylstock, Bryan Frederick, counsel for Plaintiffs/Respondents;

3.    Berg, Nicole, counsel for Petitioners;

4.    Branning, Jeremy C., counsel for Defendants/Respondents;

5.    Campbell, Christopher G., counsel for Defendants/Respondents;

6.    Clark Partington Hart, Law Firm for Defendants/Respondents;

7.    DLA Piper LLP, Law Firm for Defendants/Respondents;

8.    Holian, Matthew A., counsel for Defendants/Respondents;

9.    Keller, Ashley, counsel for Petitioners;

10.    Keller Postman, LLC, Law Firm for Petitioners;

11.    Masslon II, John M., counsel for Petitioners;

12.    Paulos Law PC, Law Firm for Plaintiffs/Respondents;

13.    Paulos, Chirstopher Gus, counsel for Plaintiffs/Respondents;

14.    Petrosinelli, Joseph G, counsel for Defendants/Respondents;

15.    Pfizer, Inc., Defendant/Respondent;

C-1 of 2

*In re Rogers*, Case No. 26-_____

16.    Pharmacia LLC, Defendant/Respondent;

17.    Pharmacia & Upjohn Co LLC, Defendant/Respondent;

18.    Relkin, Ellen, counsel for Plaintiffs/Respondents;

19.    Rogers, M. Casey, The Honorable Judge of the United States District Court, Middle District of Florida;

20.    Rydstrom, Jessica Bodger, counsel for Defendants/Respondents;

21.    Sax, George D., counsel for Defendants/Respondents;

22.    Scharf Banks Marmor LLC, Law Firm for Defendants/Respondents;

23.    Showalter, Annie E., counsel for Defendants/Respondents;

24.    Snidow, John James, counsel for Petitioners;

25.    Vavala, Kathleen M., The Honorable Judge of the Superior Court of Delaware;

26.    Wadhwani, Neelum J., counsel for Defendants/Respondents;

27.    Weitz & Luxenberg PC, Law Firm for Plaintiffs/Respondents; and

28.    Williams & Connolly LLP, Law Firm for Defendants/Respondents.


*/s/ Ashley C. Keller*
Ashley C. Keller

C-2 of 2

## TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ..............................................................C-1

TABLE OF CITATIONS................................................................... ii

PETITION FOR A WRIT OF MANDAMUS/AND OR PROHIBITION ...............1

    I.   Relief Sought ..................................................................5

    II.  Statement Regarding Oral Argument ..................................6

    III. Issues Presented ...........................................................6

    IV. Jurisdictional Statement................................................7

BACKGROUND ...............................................................................7

ARGUMENT ..................................................................................12

    I.   Mandamus Is Necessary To Prevent The MDL Court From Acting Without Jurisdiction...................................................12

    II.  All Three Mandamus Criteria Are Satisfied. ....................16

        A.   The Right To Relief Is Clear and Indisputable. ....................17
        B.   Mandamus Is Appropriate Under The Circumstances.........19
        C.   There Are No Alternative Remedies Available.....................22

CONCLUSION ...............................................................................25

CERTIFICATE OF COMPLIANCE ...................................................26

CERTIFICATE OF SERVICE ..........................................................26

i

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*In re Allied-Signal, Inc.*,
915 F.2d 190 (6th Cir. 1990) ...............................................................21

*Anderson v. H&R Block, Inc.*,
287 F.3d 1038 (11th Cir. 2002) ...........................................................20

*In re Bausch & Lomb, Inc. Contact Lens Sol. Prods. Liab. Litig.*,
MDL No. 1785, 2009 WL 2750462 (D.S.C. Aug. 26, 2009)..............5

*Bell v. Sellevold*,
713 F.2d 1396 (8th Cir. 1983) .......................................................19, 20

*Ex parte Bollman*,
8 U.S. (4 Cranch) 75 (1807) ..................................................................2

*Bowen v. E.I. DuPont de Nemours & Co.*,
906 A.2d 787 (Del. 2006) .........................................................9, 22, 23

*\*Cheney v. U.S. Dist. Ct.*,
542 U.S. 367 (2004)..................................... 4, 12, 16, 17, 19, 22, 23

*Daubert v. Merrell Dow Pharmaceuticals Inc.*,
509 U.S. 579 (1993)..............................................................................9

*In re Davis*,
730 F.2d 176 (5th Cir. 1984) ................................................................6

*Dow Jones & Co., Inc. v. Ablaise Ltd.*,
606 F.3d 1338 (Fed. Cir. 2010) .......................................................2, 15

*In re Genetically Modified Rice Litig.*,
764 F.3d 864 (8th Cir. 2014) ..............................................................18

*In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*,
No. 23-cv-0818, 2024 WL 3904650 (N.D. Ill. Aug. 22, 2024)........18

*Hertz Corp. v. Friend*,
559 U.S. 77 (2010)..............................................................................12

ii

# TABLE OF CITATIONS
(*continued*)

**Page(s)**

*Home Depot USA, Inc. v. Lafarge N. Am., Inc.*,
  59 F.4th 55 (3d Cir. 2023) ................................................................5, 19

*In re Jackson Cnty.*,
  834 F.2d 150 (8th Cir. 1987) ................................................................6

*Keepseagle v. Vilsack*,
  815 F.3d 28 (D.C. Cir. 2016)................................................................15

*Kerr v. U.S. Dist. Ct.*,
  426 U.S. 394 (1976)................................................................3, 12

*Kontrick v. Ryan*,
  540 U.S. 443 (2004)................................................................13, 14

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)................................................................9

*Lawless v. Steward Health Care Sys., LLC*,
  894 F.3d 9 (1st Cir. 2018)................................................................17

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
  523 U.S. 26 (1998)................................................................2

*\*In re Loudermilch*,
  158 F.3d 1143 (11th Cir. 1998) ................................................................3, 12, 16

*Mathes v. Gen. Motors, LLC*,
  No. CL 12001623–00, 2015 WL 13567738 (Va. Cir. Sept. 4, 2015) ..........18, 19

*\*In re Nat'l Prescription Opiate Litig.*,
  956 F.3d 838 (6th Cir. 2020) ................................................................1, 2, 5, 17, 19

*Royal Canin U.S.A., Inc. v. Wullschleger*,
  604 U.S. 22 (2025)................................................................13

*Scottoline v. Women First, LLC*,
  342 A.3d 373 (Del. 2025) ................................................................23

# TABLE OF CITATIONS
### (*continued*)

**Page(s)**

*In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II,*
    953 F.2d 162 (4th Cir. 1992) ........................................................17, 18

*In re Simons,*
    247 U.S. 231 (1918)..........................................................................6

*Ohio ex rel. Skaggs v. Brunner,*
    549 F.3d 468 (6th Cir. 2008) ...............................................................13

*Steel Co. v. Citizens for a Better Env't,*
    523 U.S. 83 (1998).................................................................4, 15, 19

*Strawbridge v. Curtiss,*
    7 U.S. (1 Cranch) 267 (1806) .........................................................3, 13

*In re Temple,*
    851 F.2d 1269 (11th Cir. 1988) .............................................................12

*Univ. of S. Ala. v. Am. Tobacco Co.,*
    168 F.3d 405 (11th Cir. 1999) ..............................................................21

*In re Welding Fume Prods. Liab. Litig.,*
    MDL No. 1535, 2005 WL 1868046 (N.D. Ohio Aug. 8, 2005).........................5

*Younger v. Harris,*
    401 U.S. 37 (1971)............................................................................13

*In re Zantac (Ranitidine) Prods. Liab. Litig.,*
    No. 21-10305, 2022 WL 16729151 (11th Cir. Nov. 7, 2022)...........................15

**TABLE OF CITATIONS**
(*continued*)

**Page(s)**

**Statutes**

28 U.S.C.

§ 1331 .................................................................................................. 13

§ 1332 .................................................................................................. 13

§ 1390 .................................................................................................. 19

\*§ 1407 ................................................................................ 6, 7, 17, 18

\*§ 1407(a) .......................................................................................... 7, 18

§ 1407(e) ............................................................................................... 7

§ 1441 .................................................................................................... 3

§ 1441(b)(2) .......................................................................................... 3

§ 1446(b)(1) .......................................................................................... 3

§ 1447(d) ............................................................................................. 23

§ 1651 .............................................................................................. 7, 12

Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73 ..................................... 12

**Rules**

\*Del. R. Evid. 702 ............................................................................ 9, 10, 22

Fed. R. Evid. 702 ................................................................................... 9

**Other Authorities**

*The Princess Bride* (Act III Communications 1987) ............................. 15

16 *Wright & Miller's Federal Practice & Procedure* § 3932 (1977) ........ 6

13 *Wright & Miller's Federal Practice and Procedure*, Jurisdiction
§ 3522 (3d ed. Apr. 2026 update) ................................................ 2, 20

16 *Wright & Miller's Federal Practice and Procedure*, Jurisdiction
§ 3932 (3d ed. Apr. 2025 update) .................................................... 7

## PETITION FOR A WRIT OF MANDAMUS/AND OR PROHIBITION

"MDLs are not some kind of judicial border country, where the rules are few and the law rarely makes an appearance." *In re Nat'l Prescription Opiate Litig.,* 956 F.3d 838, 844 (6th Cir. 2020) (granting mandamus). Despite that admonition, yet another MDL court is flouting bedrock principles in the name of purported "efficiency," which is the buzzword *du jour* to justify MDL exceptionalism. In this latest rendition of MDLs-need-not-follow-the rules, the MDL Court is "confident" it has subject-matter jurisdiction to jointly *preside* over state-court cases that *have not* and *cannot* be removed to federal court. Pet. App. 287a. Specifically, Judge M. Casey Rodgers of the U.S. District Court for the Northern District of Florida ("MDL Court") has made clear her intent to hold a combined, MDL-alongside-state-cases *Daubert* hearing in federal court in Pensacola, Florida. If the hearing is allowed to go forward, state-court judges from Delaware and New York will jointly participate in this proceeding. And the hearing will include attorney argument (plus live testimony) to determine the admissibility of experts for cases that are pending *outside* the MDL, in Delaware and New York *state* courts.

There can be no doubt that this proposed hearing would bring Petitioners' state-court cases—geographically and legally—into federal court. There can similarly be no doubt that conducting a case-dispositive merits hearing to determine the admissibility of expert testimony would require a court to wield jurisdiction. And

1

there can be no doubt that the MDL Court lacks subject-matter jurisdiction over Petitioners' cases.

No abstract appeals to efficiency, state-federal coordination, or the willing participation of state jurists can justify the lawless exercise of judicial power. *See, e.g.*, *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) ("[N]o amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case" if it lacks jurisdiction); *Nat'l Prescription Opiate Litig.,* 956 F.3d at 844 (granting mandamus where the district court disregarded the governing law "in favor of enhancing the efficiency of the MDL as a whole"); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40 (1998) (rejecting an MDL court's ability to preside over transferor trials even though many argued it would be efficient and "more desirable").

Federal district courts are creatures of "written law," their "jurisdiction is defined by written law," and they must not "transcend" the jurisdiction Congress vested in them. *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 93 (1807). "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13 *Wright & Miller's Federal Practice and Procedure*, Jurisdiction § 3522 (3d ed. Apr. 2026 update).

The only "written law" that could possibly support federal jurisdiction is the removal statute. 28 U.S.C. § 1441. But no defendant has even *attempted* to remove Petitioners' cases. For good reason. Some Petitioners are citizens of Delaware, thereby destroying complete diversity because the Defendants are also citizens of that State. *Strawbridge v. Curtiss*, 7 U.S. (1 Cranch) 267, 267 (1806) (construing diversity statute to require complete diversity). And all Petitioners sued a local defendant well over 30 days ago, doubly blocking the path to federal court. 28 U.S.C. §§ 1441(b)(2), 1446(b)(1).

Ironically, Judge Rodgers denied Petitioners' objection to a federal court giving audience to state-court cases because Petitioners' counsel has "no interest" in the federal litigation and "no filing status whatsoever" in federal court. Pet. App. 287a. That is true; and it is precisely *why* the proposed joint hearing is *ultra vires*. Petitioners' cases are not *in* federal court, so of course they have "no filing status" there. *Id.* But if Judge Rodgers nonetheless plans to drag these Delaware cases 1,000 miles away into a different sovereign's courtroom, she cannot *rely* on the lack of jurisdiction to *deny* the jurisdictional objection.

Although mandamus is an extraordinary remedy, it is necessary here. When a district court plans to act despite a "[l]ack of jurisdiction," it is the textbook situation where mandamus is warranted. *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) (per curiam) (citing *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976)).

3

And all three of the traditional factors for mandamus are satisfied. *See Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). *First*, Petitioners' right to relief is clear and indisputable. *Id*. While the MDL Court may extol the virtues of efficiency or express "confidence" that it has authority to manage the MDL,[1] there is simply no contesting that it proposes to preside over a merits hearing implicating hundreds of state-court cases that have never been removed to federal court.

*Second,* where a federal court lacks subject-matter jurisdiction, its singular duty is clear: announce that fact and proceed no further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Where the district court insists it will proceed, brimming with confidence but without a reasoned opinion, mandamus is "appropriate" to prevent lawless hearings from going forward. *Cheney*, 542 U.S. at 380–81.

*Finally,* the MDL Court's dereliction cannot be reviewed after final judgment. *Id*. Once this jurisdiction-free *Daubert* hearing concludes, Petitioners' cases will return to Delaware state court, where they have always belonged. Any appeal after final judgment will lie only in the Delaware Supreme Court, which lacks authority to correct the manifest error of a federal district court sited in this Circuit. Only this Court can police a district court's jurisdiction. Here, it must do so on a writ of mandamus or not at all. The Court should not shirk that important responsibility,

---

[1] Pet. App. 287a.

particularly given the increasing prevalence of MDL judges exceeding their remit. *See Nat'l Prescription Opiate Litig.,* 956 F.3d at 844 (granting mandamus and making clear that "the law governs an MDL court's decisions just as it does a court's decisions in any other case"); *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 62 (3d Cir. 2023) (reversing and making clear that "neither MDL centralization nor any other procedural device can 'impose the heavy toll of a diminution of any party's rights'" (citation omitted)); *see also In re Bausch & Lomb, Inc. Contact Lens Sol. Prods. Liab. Litig.*, MDL No. 1785, 2009 WL 2750462, at *3 n.23 (D.S.C. Aug. 26, 2009) (describing joint *Daubert*/*Frye* hearing without explaining the jurisdictional basis for the joint hearing); *In re Welding Fume Prods. Liab. Litig.*, MDL No. 1535, 2005 WL 1868046, at *2 n.3 (N.D. Ohio Aug. 8, 2005) (describing joint *Daubert* hearing without explaining the jurisdictional basis for the joint hearing); Pet. App. 262a–263a (collecting more examples of lawless joint hearings).

## I.    Relief Sought

Petitioners respectfully petition this Court for a writ of mandamus and/or prohibition barring the MDL Court from holding a Joint Rule 702 Evidentiary

5

Hearing to determine the admissibility of Petitioners' and Defendants' experts in the Delaware state litigation, *In re Depo-Provera Litigation*, C.A. N25C-10-202 DEP.[2]

## II.    Statement Regarding Oral Argument

Petitioners believe oral argument is warranted on this important and time-sensitive issue.

## III.    Issues Presented

This petition asks the Court to enforce longstanding jurisdictional limits, with no dispensations for MDL courts. The question presented is: are MDL courts authorized—under 28 U.S.C. § 1407 or any other federal statute—to jointly conduct a merits hearing for cases pending in state court simply because the state plaintiffs allege a similar theory and some witnesses may be required to testify in both tribunals?

Federal law authorizes "civil actions involving one or more common questions of fact . . . pending in different districts" to "be transferred to any district

---

[2] In addition to requesting that this Court "control [a] procedural decision[]" of the MDL Court, *In re Davis*, 730 F.2d 176, 181 (5th Cir. 1984) (per curiam) (citation omitted), Petitioners also ask this Court to prohibit the MDL Court from acting, which falls under a writ of prohibition.  But "the form of the writ is of less importance than the substantive question whether an extraordinary remedy is available." *Id.* (citing 16 *Wright & Miller's Federal Practice & Procedure* § 3932 at 206–08 (1977); *In re Simons*, 247 U.S. 231, 239–40 (1918)); *see In re Jackson Cnty.*, 834 F.2d 150, 151 (8th Cir. 1987) ("Whether the writ seeks to prohibit action or to mandate it, the same considerations apply." (citations omitted)).  Regardless of how the remedy is styled, a writ is warranted here.

for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The statute is purely procedural. Yet here, the MDL Court invokes § 1407 to justify hearing non-removed cases pending in state court, a manifest error warranting extraordinary relief. The MDL Court's actions will immediately harm Petitioners, and that harm cannot be remedied on appeal.

## IV.  Jurisdictional Statement

This Court has jurisdiction under 28 U.S.C. § 1651. *See generally* 16 *Wright & Miller's Federal Practice and Procedure*, Jurisdiction § 3932 (3d ed. Apr. 2025 update); *see also* 28 U.S.C. § 1407(e) (In MDLs, "[p]etitions for an extraordinary writ [involving] . . . orders subsequent to transfer shall be filed only in the court of appeals having jurisdiction over the transferee district.").

## BACKGROUND

The cases here are mine-run product-liability suits brought entirely under state law. Depo-Provera, or depot medroxyprogesterone acetate, is an injectable contraceptive drug containing high-dose medroxyprogesterone acetate, which is a synthetic hormone that mimics the effects of progesterone on the body. Petitioners allege that Pfizer, Inc., Pharmacia LLC, and Pharmacia & Upjohn Co LLC's (collectively, "Pfizer") manufactured and sold Depo-Provera, causing Petitioners to develop meningioma, a dangerous brain tumor. Pfizer is incorporated in Delaware and thus a citizen of that state. Based on these allegations, Petitioners brought state-

law products liability claims in the Superior Court of Delaware beginning in August 2025.  Petitioners allege no federal causes of action; they seek relief under state law only.  Some Petitioners are from Delaware, meaning that, in their cases, there is a citizen of Delaware on both sides of the case.

The Judicial Panel on Multidistrict Litigation consolidated *federal* cases involving Depo-Provera into *In re Depo-Provera (Depot Medroxyprogesterone Acetate) Products Liability Litigation*, No. 3:25-md-3140-MCR-HTC, in the Northern District of Florida.  The MDL of course involves *different* cases, in front of a *different* judge, and in a *different sovereign's* court.  Recognizing the lack of federal jurisdiction over Petitioners' claims, Pfizer has never attempted to remove the state actions to federal court to be transferred into the MDL.

On November 18, 2025—before Pfizer answered or responded to Petitioners' complaints, and before Petitioners served a single discovery request—the Delaware Court issued Case Management Order No. 1 ("CMO No. 1").  Pet. App. 120a.  After speaking with the MDL Court off-the-record, *ex parte,* and purportedly to coordinate, the Delaware Court gave Petitioners one month to complete "[s]upplemental general causation fact discovery," and ordered Petitioners to serve general causation expert reports on January 2, 2026.  Pet. App. 123a; *see also* Pet. App. 86a (noting that the Delaware judge has "spoken with Judge Rodgers at length and will be coordinating with the other state court judges regarding their cases that

8

have been filed there"). Per CMO No. 1, Pfizer's experts' reports were due on February 9, 2026, and the Delaware Court provided a schedule for briefing Rule 702[3] motions. Pet. App. 123a. Neither CMO No. 1 nor any other order in the Delaware cases included a hearing date for Rule 702 motions. In compliance with CMO No. 1, Petitioners submitted reports for three experts, another group of plaintiffs represented by MDL leadership submitted reports for five experts (in Delaware state-court cases), and Pfizer submitted five expert reports. MDL leadership and Pfizer rely on the same experts in the MDL, New York, and Delaware cases. None of Petitioners' experts overlap with MDL leadership's experts.

During a case management conference in the MDL Court[4] on December 19, 2025, the MDL Court advised that it assumed there would be a *Daubert* hearing, and that such hearing would be a joint hearing to determine the admissibility of experts submitted in the MDL, New York, and Delaware cases. Pet. App. 127a. That hearing would be held in the federal court with Justice Kraus, a New York state court judge,

---

[3] Delaware Rule of Evidence 702 governs the admissibility of expert testimony, which closely follows its federal counterpart, Federal Rule of Evidence 702. Delaware adopted the holdings in *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) and generally relies on federal cases as persuasive authority when interpreting Delaware Rule 702. *Bowen v. E.I. DuPont de Nemours & Co.*, 906 A.2d 787, 794 (Del. 2006).
[4] The Delaware judge overseeing Petitioners' claims, Judge Vavala, was present at that case management conference.

and Judge Vavala, the Delaware state court judge, jointly presiding in the Northern District of Florida. *Id.*

On March 2, 2026, the MDL parties filed another Joint Update in the MDL Court, which stated, "The [Delaware] Court has scheduled a hearing on any Delaware Rule 702 motions for May 26 through 28, 2026." Pet. App. 176a.[5] Four days later, Petitioners submitted a letter to the Delaware Court noting their objection to any joint hearing with the MDL Court and requesting a conference. Pet. App. 182a. On March 11, 2026, the Delaware Court held a conference, during which Petitioners raised four arguments in opposition to the joint hearing. As relevant here, Petitioners argued that the MDL Court lacks subject-matter jurisdiction to participate in a proceeding involving them. Although the Delaware Court agreed it could not compel Petitioners or their attorneys to attend a hearing outside of Delaware, the Delaware Court confirmed that there will be a joint hearing, "the hearing will be held in Florida," and the Delaware state judge "will be there live and in person." Pet. App. 202a–209a. The Delaware Court invited Petitioners to file an objection, which they did on March 20, 2026. Pet. App. 221a.[6]

On March 28, 2026, Petitioners' counsel filed a "Notice of Plaintiffs' Objections to a Joint Rule 702 Hearing" in the MDL Court. That notice formally

---

[5] The MDL Court later changed the date of the hearing to June 24 through June 26, 2026. Pet. App. 289a.

[6] The Delaware Court has yet to rule on that objection.

10

lodged objections to the Joint Rule 702 Hearing and encouraged the MDL Court to reconsider holding it based on the MDL Court's lack of subject-matter jurisdiction. Pet. App. 284a.

The next day, the MDL Court struck the Notice of Objections *sua sponte*. Pet. App. 287a–288a. In a two-paragraph order with no legal reasoning, the MDL Court stated that Petitioners' counsel "has no interest in this litigation, no filing status whatsoever, and consequently, no legitimate basis for requesting any relief from this Court." *Id.* The MDL Court went on to state that while it "is always mindful of the obligation to ensure the Court properly exercises its jurisdiction," it "is confident the Court has jurisdiction . . . and thus has authority to enter all orders necessary and appropriate to effectuating 'coordinated or consolidated pretrial proceedings' in the MDL." *Id.*

The MDL Court made clear its intent to participate in adjudicating claims brought by Petitioners even though they (via their counsel) apparently have "no interest" in the federal litigation and had "no filing status whatsoever" in federal court that would give the MDL Court any power over Petitioners. Pet. App. 287a–288a. Said differently: the MDL Court believes it has power over Petitioners, but Petitioners have no power to object to this usurpation. This petition followed.

## ARGUMENT

Congress has long vested appellate courts with authority to issue extraordinary writs under 28 U.S.C. § 1651. *Cf.* Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81–82 (originally giving appellate courts such authority). The exercise of this authority is reserved for "exceptional circumstances, 'when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion.'" *Loudermilch*, 158 F.3d at 1145 (quoting *In re Temple*, 851 F.2d 1269, 1271 (11th Cir. 1988)); *see also Cheney*, 542 U.S. at 380.

## I. Mandamus Is Necessary To Prevent The MDL Court From Acting Without Jurisdiction.

This petition illustrates why mandamus exists. The traditional purpose of the writ is to "confine an inferior court to a lawful exercise of its prescribed jurisdiction." *Kerr*, 426 U.S. at 402. Thus, under Eleventh Circuit precedent, when a district court "exceed[s] its power," mandamus should be granted. *Loudermilch*, 158 F.3d at 1145. There is no question that proceeding despite a "lack of jurisdiction" constitutes the sort of "exceptional circumstance" that warrants issuing the writ. *Id.*

There is also no question that the MDL Court here is attempting to exercise jurisdiction even though it has none. Start with *whether* the district court would have jurisdiction over these cases. As an inferior tribunal, Article III does not "automatically confer" district-court jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 84 (2010). Instead, "[o]nly Congress may determine a lower federal court's

12

subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citation omitted); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (noting that lower courts are "[l]imited first by the Constitution" and then "limited as well by statute"). Congress has done so. Generally, district courts are restricted to hearing cases arising under federal law, or cases between completely diverse parties. *Royal Canin*, 604 U.S. at 26; 28 U.S.C. §§ 1331, 1332.

None of those traditional heads of jurisdiction apply here. Many of Petitioners' cases involve citizens of Delaware suing citizens of Delaware under Delaware law. For 220 years, it has been clear that federal courts may not touch such cases. *See Strawbridge*, 7 U.S. (1 Cranch) at 267 (construing diversity statute to require complete diversity). And with respect to the remainder of cases where diversity exists, removal was blocked twice over given the presence of the in-forum defendant and the fact that more than 30 days has lapsed since service. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam) ("When a party opts to file a complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case."). Belt, suspenders, even breeches: Federal courts have no jurisdiction over these cases many times over. They are simply state-law cases in state court. *Cf. Younger v. Harris*, 401 U.S. 37, 44–45 (1971) ("[T]he National Government, anxious though it may be to vindicate and

13

protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.").

Finally, there is no question that the MDL Court *is in fact* attempting to *exercise* jurisdiction over these cases. Although courts "have been less than meticulous" in using the word jurisdiction, it properly refers to bringing a case "within a court's adjudicatory authority." *Kontrick*, 520 U.S. at 454–55. When a court holds a *merits* hearing on a *case dispositive* Rule 702 motion and *admits evidence* before entertaining oral argument, the cases are *in*—literally and legally— the actual courthouse where the motion is argued and the evidence is presented. The parties' attorneys are participating in oral argument *for their clients' cases* to persuade the judicial officer to grant or deny relief. The expert witnesses are testifying *in* court to show the judicial officer that their methods, principles, and opinions are admissible in *specific cases.* Petitioners would quite literally be "within" the MDL Court's "adjudicatory authority." *Id.* at 455. If the *federal* MDL Court holds the Rule 702 hearing *in* a Florida federal court, there is no escaping that Petitioners' cases will be *in* that federal court, subject to its purported jurisdiction.

Petitioners anticipate Respondents will argue that the MDL Court is not attempting to exercise "jurisdiction" because it will leave the merits *ruling* in the state cases to the state judges who will jointly preside. That contention, however, ignores the fact that "[i]t is axiomatic that a court must have jurisdiction before it

14

can hear *any* argument on the merits." *Keepseagle v. Vilsack*, 815 F.3d 28, 36 (D.C. Cir. 2016) (citing *Steel Co.*, 523 U.S. at 94–95, 101–02 (emphasis added)).  In other words, the very act of hearing oral argument—much less receiving evidence—constitutes exercising jurisdiction.

Jurisdiction does not exist on a spectrum, or in shades of grey, and federal courts cannot exercise "just a little" bit of it.  To hold a hearing, swear-in witnesses, ask probing questions, rule on objections, and shape the outcome, a federal court must have and wield judicial power.  Yes, the MDL Court might eventually *cede* the power it has arrogated (to a proper state-court decisionmaker) before the final keystroke on a Rule 702 decision.  But that does not excuse the unlawful jurisdiction that came before.  *Cf. In re Zantac (Ranitidine) Prods. Liab. Litig.,* No. 21-10305, 2022 WL 16729151, at *7 (11th Cir. Nov. 7, 2022) (per curiam) ("[T]here's a big difference between mostly dead and all dead. . . . Mostly dead is slightly alive." (quoting *The Princess Bride* (Act III Communications 1987))).  A court either has power over the parties or it does not.  And "no amount of 'prudential reasons' or perceived increases in efficiency, however sound, can empower a federal court to hear a case" if it lacks jurisdiction.  *Dow Jones*, 606 F.3d at 1348.  By presiding over a merits hearing involving a potentially case-dispositive series of *Daubert* motions, the MDL Court will in fact be exercising power over the parties.

15

Many realistic examples illustrate the point.  If Petitioners have an objection sustained against them by the MDL Court while examining a witness, they will be required to stop the questioning.  If Petitioners surpass the MDL Court's time limits, they will be required to sit down.  If the MDL Court asks a question of Petitioners' experts, they will be required to answer.  All of this enforced by the threat of federal contempt.  And all of this alongside the MDL Court's power to substantively influence the outcome of the *Daubert* proceedings via statements made both on the record and *in camera*.  In the end, presiding over a hearing means wielding authority.  That is exercising jurisdiction.  Because the MDL Court is attempting to exercise what it does not have, mandamus is warranted.  *Loudermilch*, 158 F.3d at 1145 ("[L]ack of jurisdiction" is a classic "basis for granting the [mandamus] writ.").

## II.    All Three Mandamus Criteria Are Satisfied.

Case law regarding mandamus-for-want-of-jurisdiction aside, it is separately clear that the doctrinal bases for mandamus are fully satisfied.  In *Cheney*, the Supreme Court set forth three mandamus factors courts should consider before granting the writ.  542 U.S. at 381.  The right to relief must be "clear and indisputable."  *Id.* at 381 (cleaned up).  The writ must be "appropriate under the circumstances."  *Id.*  And there must be no "other adequate means" for Petitioners to obtain relief.  *Id.* at 380–81 (cleaned up).  Although these hurdles are

16

"demanding," they "are not insuperable."   *Id.* at 381.   And each of them is surmounted here.

> **A.     The Right To Relief Is Clear and Indisputable.**

First, the right to relief here is "clear and indisputable."  *Cheney*, 542 U.S. at 380–81 (cleaned up).  As explained above, none of the jurisdictional requisites for Petitioners' cases being in federal exist.  *See supra*, at 13.   Remarkably, that is *undisputed.*  The only dispute appears to be whether presiding over a hearing counts as wielding jurisdiction. The answer is clear and indisputable. "A court without jurisdiction is like a king without a kingdom: both are powerless to act."  *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 16 (1st Cir. 2018).  A hearing is a judicial act, plain and simple.

Nothing about the nature of MDLs changes any of this analysis.  *See Nat'l Prescription Opiate Litig.*, 956 F.3d at 841 ("The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case.").  Although the MDL Court may of course preside over an MDL, that properly places the *federal cases* in the MDL Court.  It cannot and does not alter the court's jurisdiction over *state* cases.  Section 1407 "is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred."  *In re Showa Denko K.K. L-Tryptophan Prods. Liab. Litig. II*, 953 F.2d 162, 165 (4th Cir. 1992).  "As in any other case, a transferee court's jurisdiction in multi-district litigation is limited to

17

cases and controversies between persons who are properly parties to the cases transferred." *Id.* at 165–66; *see also In re Genetically Modified Rice Litig.*, 764 F.3d 864, 874 (8th Cir. 2014) ("[T]he district court overseeing the MDL does not have authority over separate disputes between state-court *plaintiffs* and [the defendant]."); *In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 23-cv-0818, 2024 WL 3904650, at *2 (N.D. Ill. Aug. 22, 2024) ("The Court's jurisdiction does not extend to cases that are not actually before it . . . ."); *Mathes v. Gen. Motors, LLC*, No. CL 12001623–00, 2015 WL 13567738, at *2 (Va. Cir. Sept. 4, 2015) ("[T]he express language of the governing federal statute limits the reach of MDL Courts to pending federal cases."). Section 1407 certainly does not authorize a federal court to hear non-removed cases pending in state court simply because the state plaintiffs allege a similar theory as the cases in the MDL.

Moreover, the text of § 1407 makes clear that the MDL Court's authority can only reach federal courts: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Only cases "pending in different districts" of the *federal* judiciary may be coordinated or consolidated for pretrial proceedings. *Id.* Petitioners' cases—

18

pending in state court, not any federal district—do not qualify for transfer, however temporary that transfer will be.[7]

In short, MDL courts are not special when it comes to subject-matter jurisdiction. *Nat'l Prescription Opiate Litig.*, 956 F.3d at 844 (granting mandamus and making clear that "the law governs an MDL court's decisions just as it does a court's decisions in any other case"); *Home Depot*, 59 F.4th at 63 (reversing and making clear that "neither MDL centralization nor any other procedural device can 'impose the heavy toll of a diminution of any party's rights'" (citation omitted)). Whether presiding over a 10,000-plaintiff MDL or a single-plaintiff slip-and-fall, federal courts may not act without jurisdiction. Since the MDL Court here is choosing to do so anyway, Petitioner's right to relief is clear and indisputable.

**B.    Mandamus Is Appropriate Under The Circumstances.**

Second, mandamus relief is "appropriate" under these circumstances. *Cheney*, 542 U.S. at 380. When a court lacks jurisdiction, all it can do is "announce" that fact; it "cannot proceed at all in any cause." *Steel Co.*, 523 U.S. at 94. It may not participate in *any* proceeding that affects Petitioners' substantive rights. *See Bell*

---

[7] MDL courts' jurisdiction is further limited by "the express language" of 28 U.S.C. § 1390, which "limits the reach of MDL Courts to pending federal cases." *Mathes*, 2015 WL 13567738, at *2 (holding the court did not have statutory authority to adopt a joint coordination order over the objection of a party). When a case is "unsullied by removal," and thus "remain[s] in the courts of other sovereigns," *e.g.*, Delaware, federal courts have no authority over it. *Id.*

19

*v. Sellevold*, 713 F.2d 1396, 1403 (8th Cir. 1983) (finding that defendants' right to try their state-law action in the state courts is "fundamental" and "clearly outside the jurisdiction of the federal courts"); *id* at 1402–05 (finding a writ of prohibition appropriate to prevent a district court from asserting pendant jurisdiction to take a forcible entry action out of state court as the lack of federal jurisdiction was clear). Mandamus is therefore appropriate to prevent the occurrence of a jurisdiction-less proceeding.

Moreover, allowing this proceeding to go forward would raise grave federalism concerns. "A federal court's entertaining a case that is not within its subject matter jurisdiction is no mere technical violation; it is nothing less than an unconstitutional usurpation of state judicial power." 13 *Wright & Miller* § 3522, *supra*; *see Anderson v. H&R Block, Inc.*, 287 F.3d 1038, 1041 (11th Cir. 2002) ("When a federal court acts outside its jurisdiction, it violates principles of separation of powers and federalism, interfering with Congress's authority to demarcate the jurisdiction of lower federal courts, and with the states' authority to resolve disputes in their own courts."), *rev'd on other grounds sub nom.*, *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003). Permitting a joint hearing by the MDL Court and Delaware Court to determine Petitioners' substantive rights would violate a core principle of federalism—the dual-court system—which exists to ensure both sovereigns' judiciaries can *independently* interpret and apply the law to the cases

20

properly before them.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) ("[W]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." (citation omitted)); *In re Allied-Signal, Inc.*, 915 F.2d 190, 192–93 (6th Cir. 1990) (vacating lower court order purporting to bind litigants in other jurisdictions and rejecting "continued attempts to act beyond [the court's] jurisdiction").

And damaging systemic effects aside, failure to grant mandamus relief will invite chaos here and embolden future MDL courts to arrogate more powers they do not possess.  This is true even if each judge ultimately rules—*i.e.* types out an order and signs it—on the *Daubert* motions separately.  There will simply be no way to disentangle the undue influence of a jurist who lacked judicial power.  For instance, during the hearing, presided over by three judges, which judge rules on objections? Do all three write down their answers so they are not swayed by the others?  Do they confer on responses before ruling?  Do they apply the procedural law of their respective sovereigns, creating the risk of inconsistent rulings?  What if one judge sustains an objection and two judges overrule it?  Does the judge who sustained muffle her ears while the other two hear the answer that they ruled admissible? What if a judge has questions for the parties' counsel or witnesses?  Are the answers fair game in any jurisdiction?  Or just for the judge who asked the question?  If it is a good question, does each judge need to ask it separately?   These are illustrative of

21

the issues that will ensue if the MDL Court is permitted to hail state-court plaintiffs into its federal courthouse. Mandamus relief is quite obviously "appropriate" under these circumstances. *Cheney*, 542 U.S. at 380.

## C.    There Are No Alternative Remedies Available

Finally, mandamus offers Petitioners their only avenue for relief, and this Court its only ability to review the MDL Court's officious intermeddling in state-court affairs. Petitioners brought claims in Delaware state court. As the MDL Court acknowledged, they have no cases pending in the MDL, "no filing status whatsoever" in federal court, and "no interest in [the federal] litigation" at all. Pet. App. 287a. The MDL Court has nevertheless made clear its intention to exercise jurisdiction over Petitioners' cases by holding a joint *Daubert* hearing.

Assume that this does in fact occur: The MDL Court fully participates in adjudicating the *Daubert* motions directed at Petitioners' experts or Petitioners' motions directed at Pfizer's experts. The MDL Court questions the experts. The MDL Court questions Petitioners' counsel. The MDL Court questions defense counsel. The MDL Court confers with the state-court judges about the procedure, the substance, and the merits, both on-the-record and *in camera*. Eventually all the courts issue *Daubert* or *Frye* opinions.[8]

---

[8] Delaware Rule of Evidence 702 "imposes a special obligation upon a trial judge to ensure that any and all scientific testimony is not only relevant, but reliable." *Bowen*, 906 A.2d at 794 (cleaned up). Rule 702 empowers only the Delaware Court to

At that point, how could Petitioners possibly challenge what occurred? After being temporarily whisked into federal court unlawfully and over their objection, they will be returned to state court where they should have remained, only for the state proceedings to run their course. After final judgment in Delaware, the "regular appeals" process will take Petitioners to the Delaware Supreme Court, *not* this Court. *Cheney*, 542 U.S. at 380–81 (cleaned up). Yet it is this Court, not a state tribunal, that can and must assess whether the MDL Court lacks subject-matter jurisdiction. Awaiting final judgment is tantamount to rendering the MDL Court's *ultra vires* exercise of jurisdiction entirely unreviewable. While a federal court's decision *not* to exercise jurisdiction over removed cases is usually unreviewable by statute, 28 U.S.C. § 1447(d), there is no similar statute or doctrine that countenances a district court insulating its improper *assumption* of judicial power from appellate review.

The procedural history also confirms that there are no more-anodyne ways for Petitioners to obtain relief. Petitioners filed Objections to a Joint Rule 702 Hearing in Delaware State Court. Pet. App. 221a–283a. They then notified the MDL Court of this filing, explained why the MDL Court lacks subject-matter jurisdiction over state cases in federal court, and provided the full Delaware briefing to assist the MDL

---

function as the gatekeeper to determine whether a party's expert offers admissible testimony. *Id.* A Rule 702 motion is a substantive motion in limine that goes to the *merits* of a case and is often case dispositive. *Id.* at 795; *Scottoline v. Women First, LLC*, 342 A.3d 373 (Del. 2025).

23

Court to reconsider its joint hearing.  Pet. App. 284a.  The MDL Court struck the Notice in a two-paragraph order, stating that "the undersigned is confident the Court has jurisdiction over the MDL and thus has authority to enter all orders necessary and appropriate to effectuating 'coordinated or consolidated pretrial proceedings' in the MDL.  Pet. App. 287a–288a (citing the MDL Court's own prior order). Petitioners here have tried other remedies.  Their well-founded objections have been given the back of the hand.  At this point, there is only one way to obtain relief: mandamus.

## CONCLUSION

For all these reasons, this Court should issue a writ of mandamus and/or prohibition barring the MDL Court from holding a Joint Rule 702 Hearing to determine the admissibility of experts in Petitioners' cases.

Dated: April 13, 2026                    Respectfully submitted,

                                        **KELLER POSTMAN LLC**

                                        */s/ Ashley C. Keller*
                                        Ashley C. Keller
                                        2333 Ponce de Leon Blvd
                                        Suite R240
                                        Coral Gables, FL 32746
                                        (312) 741-5220
                                        ack@kellerpostman.com

                                        Nicole C. Berg
                                        Ashley Barriere
                                        150 N. Riverside Plaza
                                        Suite 4100
                                        Chicago, IL 60606
                                        (312) 741-5220
                                        ncb@kellerpostman.com
                                        ashley.barriere@kellerpostman.com

                                        John James Snidow
                                        John M. Masslon II
                                        1101 Connecticut Ave. NW
                                        Suite 1100
                                        Washington, DC 20036
                                        (202) 918-1123
                                        jj.snidow@kellerpostman.com
                                        john.masslon@kellerpostman.com

                                        *Attorneys for Petitioners*

25

## CERTIFICATE OF COMPLIANCE

This Petition complies with the type-volume limit and word limit of Fed. R. App. P. 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,751 words.

*/s/ Ashley C. Keller*
Ashley C. Keller

## CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that the foregoing to be filed with the Clerk of Court and a copy of the foregoing was furnished via email this 13th day of April, 2026, to The Honorable M. Casey Rogers and the following:

**Aylstock Witkin Kreis & Overholtz**

Bryan Frederick Aylstock
baylstock@awkolaw.com

**Paulos Law PC**

Christopher Gus Paulos
cpaulos@pauloslaw.com

**Weitz & Luxenberg PC**

Ellen Relkin
erelkin@weitzlux.com

26

**Williams & Connolly LLP**

Joseph G. Petrosinelli
Jessica Bodger Rydstrom
Annie E. Showalter
Neelum J. Wadhwani
jpetrosinelli@wc.com
jrydstrom@wc.com
ashowalter@wc.com
nwadhwani@wc.com

**DLA Piper LLP**

Matthew A. Holian
Christopher G. Campbell
matt.holian@us.dlapiper.com
christopher.campbell@us.dlapiper.com

**Clark Partington Hart**

Jeremy C. Branning
jbranning@clarkpartington.com

**Scharf Banks Marmor LLC**

George D. Sax
gsax@scharfbanks.com

*/s/ Ashley C. Keller*
Ashley C. Keller
